IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN THE MATTER OF: ) | |
| ) | |
| WILLIAM H. GREEN, ) | |
| ) | CASE NO. BK12-81071-TJM |
| Debtor(s). ) | A12-8033-TJM |
| MILO VACANTI, ) | |
| ) | 8:09CV44 |
| Plaintiff, ) | |
| ) | CHAPTER 7 |
| vs. ) | |
| ) | |
| BRYAN S. BEHRENS and SUNSET ) | |
| FINANCIAL SERVICES, INC., ) | |
| ) | |
| Defendants. ) | |
| ) | |
| SUNSET FINANCIAL SERVICES, INC., ) | |
| ) | |
| Third-party Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| WILLIAM H. GREEN, ) | |
| ) | |
| Third-party Defendant. ) | |

REPORT & RECOMMENDATION
and ORDER

Hearing was held on October 1, 2012, on the plaintiff's motion to withdraw the reference of this adversary proceeding and to sever the third-party claim (Fil. No. 16) and resistance by Sunset Financial Services, Inc. (Fil. No. 23), and on the status reports filed by the parties in response to the court's request for information (Fil. Nos. 8, 14, 15, and 22). Anna M. Bednar and Robert F. Craig appeared for the debtor; Patrick E. Brookhouser, Jr., appeared for the plaintiff; John W. Shaw, Michael J. Whaley, and Ryan C. Hudson appeared for Sunset Financial Services, Inc.; and J.P. (Sam) King appeared for Chapter 7 trustee Richard D. Myers.

The court will recommend that the motion to withdraw the reference be granted, and it will grant the motion to sever.

This lawsuit was filed in federal district court in 2009 alleging fraud and securities violations by defendants Bryan Behrens[1] and Sunset Financial Services. Sunset filed a third-party claim against William Green for contribution and indemnity based on his role in the alleged fraud. The lawsuit was transferred to this court in May 2012 after Mr. Green filed a Chapter 7 bankruptcy petition. The plaintiff has now filed a motion to withdraw the reference to the bankruptcy court and to sever the third-party claim. He argues that principles of both mandatory and permissive withdrawal require the case to be returned to district court because resolution of the case will necessitate the substantial and material consideration of federal securities law and because the district court has an abiding familiarity with the case after having dealt with it for three years prior to its removal. The plaintiff also argues for the third-party indemnification and contribution claim by Sunset against the debtor to be severed because those allegations are distinct from the issue of Sunset's liability for Behrens' fraud.

In the parties' status reports to this court, the plaintiff and the debtor both suggest this adversary proceeding should be returned to district court to go forward there, while the bankruptcy court retains the third-party claim against the debtor. Sunset agrees that the district court should handle the litigation, but believes the entire case – including the third-party claim – should be sent to district court.

Sunset has also filed a separate adversary proceeding to except from discharge any debts that the debtor may owe to Sunset, on the basis of fraud under 11 U.S.C. § 523(a)(2) and willful and malicious injury under §11 U.S.C. § 523(a)(6). Sunset further alleges in its complaint that the debtor fraudulently transferred his interest in real property to keep it from his creditors.

Withdrawal of the reference is governed by 28 U.S.C. § 157(d):

> (d) The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

Under those provisions, the district court may withdraw the reference of a bankruptcy case from the bankruptcy court if cause is shown. If the resolution of the case would necessitate consideration of law other than the Bankruptcy Code, then the district court must withdraw the case.

---

[1]Mr. Behrens pleaded guilty to securities fraud and is presently incarcerated. He has been ordered to pay restitution of approximately $6.8 million. He is also a defendant in a federal civil action filed by the Securities & Exchange Commission. In that case, a receiver was appointed to recover assets, determine claims, and distribute funds. Claimants filed 48 claims, and 47 have been determined. The case remains pending. In addition, he recently filed a Chapter 13 bankruptcy case in this district. Mr. Behrens is not participating in this adversary proceeding.

As noted previously in this district,

> Courts tend to take a narrow view of the mandatory withdrawal provision of § 157(d) because to hold otherwise "would eviscerate much of the work of the bankruptcy courts." Wittes v. Interco Inc., 137 B.R. 328, 329 (E.D. Mo. 1992) (quoting O'Connell v. Terranova ( In re Adelphi Inst., Inc.), 112 B.R. 534, 536 (S.D.N.Y. 1990)). The bankruptcy court must relinquish the case only if resolution of the claims will require "substantial and material consideration" of statutes outside of the Bankruptcy Code. Wittes at 329 (quoting In re White Motor Corp., 42 B.R. 693, 705 (D. Ohio 1984)).

Lange v. FDIC (In re TierOne Corp.), No. A11-4018-TLS, 2011 WL 2133702, at *3 (Bankr. D. Neb. May 27, 2011).

The substantial and material consideration of statutes outside of the Bankruptcy Code "generally requires some degree of 'interpretation' of non-bankruptcy law, as opposed to its mere 'application.'" Id. (quoting Snodgrass v. New Century Mortg. Corp., 358 B.R. 675, 679 (S.D. W. Va. 2006) (citing In re Vicars Ins. Agency, Inc., 96 F.3d 949 (7th Cir. 1996) and City of New York v. Exxon Corp., 932 F.2d 1020 (2d Cir. 1991))). This case is premised on the interpretation of securities laws, which is the type of non-bankruptcy law that satisfies the mandatory withdrawal portion of 28 U.S.C. § 157(d). See, e.g., Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC, 454 B.R. 307 (S.D.N.Y. 2011). The parties concur that withdrawal of the reference is appropriate, so a recommendation will be made to the district court to grant the motion to withdraw the reference and move forward with the litigation.

The second part of the plaintiff's motion is the request to sever the third-party claim and deal with it in the bankruptcy court. Under Federal Rule of Civil Procedure 21, made applicable in adversary proceedings by Federal Rule of Bankruptcy Procedure 7021, the court may sever any claim against a party. This rule gives the court broad discretion to sever separate and discrete claims, but it is considered an abuse of that discretion to separate an essentially unitary issue. McDowell Welding & Pipefitting, Inc. v. U.S. Gypsum Co., 285 B.R. 460, 471 (D. Or. 2002). In exercising that discretion, the court must balance several considerations, including the convenience of the parties, avoidance of prejudice to either party, and promotion of the expeditious resolution of the litigation. German v. Federal Home Loan Mortgage Corp., 896 F. Supp. 1385, 1400 n.6 (S.D.N.Y. 1995) (distinguishing between the effects of Rule 21 and Rule 42(b), although "the same considerations are implicated"). Specific factors considered in this analysis are (1) whether the issues sought to be tried separately are significantly different from one another, (2) whether the separable issues require the testimony of different witnesses and different documentary proof, (3) whether the party opposing the severance will be prejudiced if it is granted, and (4) whether the party requesting the severance will be prejudiced if it is not granted. Id. at 1400.

In this case, the counterclaim is for indemnification and contribution, which is necessarily dependent on the outcome of, but is not an integral part of, the litigation against Sunset. The debtor is not an indispensable party to the primary litigation. Janney Montgomery Scott, Inc. v. Shepard

Niles, Inc., 11 F.3d 399, 412 (3d Cir. 1993) (holding that a third party sued for contribution is not a necessary party without whom complete relief is unavailable). The indemnification and contribution issues are separate and discrete from the underlying case and will not be implicated unless and until Sunset is found liable to the plaintiff. Of necessity, they are secondary matters that must await resolution of the main litigation. For that reason, the counterclaim is easily separable from the underlying lawsuit. See Official Comm. of Unsecured Creditors v. Shapiro, No. Civ. A99-526, 2000 WL 32072 (E.D. Pa. Jan. 11, 2000) (calling the severance of claims for contribution from the underlying litigation "justified [and] feasible").

Moreover, the issues in the third-party complaint would seem to be inextricably intertwined with the issues alleged in the non-dischargeability action filed by Sunset against the debtor. Therefore, those two actions could likely be tried together, maximizing judicial economy. See Keister v. Dow Chem. Co., 723 F. Supp. 117, 122 (E.D. Ark. 1989) ("A trial court may order a separate trial if doing so will save considerable time and unnecessary expense and preparation for all parties and the court. . . . Judicial economy results if granting a motion for a separate trial would eliminate the need for future trial if one of the parties is successful.").

For the reasons stated above, I respectfully recommend to the United States District Court for the District of Nebraska that the plaintiff's motion to withdraw the reference of this adversary proceeding be granted and that it move Case No. 8:09CV44, Milo Vacanti v. Bryan S. Behrens and Sunset Financial Services, Inc., back to its docket for all further proceedings. The Clerk of the Bankruptcy Court shall process this recommendation pursuant to the local court rules.

Furthermore, IT IS ORDERED that the plaintiff's motion to sever the third-party claim (Fil. No. 16) is granted. Sunset Financial Services, Inc. v. William H. Green will be treated as a separate case, and it will be stayed pending the outcome of the Vacanti v. Behrens and Sunset Financial litigation in the district court.

DATED:    October 18, 2012

BY THE COURT:

/s/ Timothy J. Mahoney
United States Bankruptcy Judge

Notice given by the Court to:
    *Patrick E. Brookhouser, Jr.    Anna M. Bednar
    Robert F. Craig    John W. Shaw
    Michael J. Whaley    Ryan C. Hudson
    J.P. (Sam) King    U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.